David I. Dalby (SBN 114750)
ddalby@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street
18th Floor
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070

Renee Choy Ohlendorf (SBN 263939)
rohlendorf@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendant I.C. SYSTEM, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD CUPP,<br><br>        Plaintiff,<br><br>vs.<br><br>I.C. SYSTEM, INC.,<br><br>        Defendant. | Case No. 15-CV-01562-JST<br>(Honorable Jon S. Tigar)<br><br>**ANSWER TO COMPLAINT;<br>DEMAND FOR JURY TRIAL**<br><br>Courtroom: 9<br><br>Complaint Filed: 4/6/15 |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**NOW COMES** Defendant I.C. System, Inc. ("Defendant" or "IC"), by and through its attorney, Renee Choy Ohlendorf of Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Paragraph 1 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that Plaintiff's Complaint includes purported claims based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §1788, *et seq.* ("Rosenthal Act").  Defendant denies violating the TCPA, denies violating the FDCPA, denies violating the Rosenthal Act, and denies violating any law.  Defendant denies all remaining allegations of Paragraph 1.

2. Paragraph 2 calls for a legal conclusion to which no response is required.  Should a response be required, Defendant admits that Plaintiff's Complaint includes purported claims based on the Telephone Consumer Protection Act, 47 U.S.C. §227  . ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §1788, *et seq.* ("Rosenthal Act").  Defendant denies violating the TCPA, denies violating the FDCPA, denies violating the Rosenthal Act, and denies violating any law.  Defendant denies all remaining allegations of Paragraph 2.

3. Paragraph 3 calls for a legal conclusion to which no response is required.  Should a response be required, Defendant admits that this Court has federal question jurisdiction over Plaintiff's purported TCPA and FDCPA claims and that this Court may, in its discretion, exercise supplemental jurisdiction over the Rosenthal Act claims.  Defendant denies all remaining allegations of Paragraph 3.

4. Paragraph 4 calls for a legal conclusion to which no response is required.  Defendant admits that it conducts business under certain circumstances in the State of California.  Defendant further answers that it lacks knowledge or information sufficient to form a belief as to truth of the allegations of the Plaintiff's residence.  Defendant denies all remaining allegations of Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Defendant admits that its principal offices are located at 444 Highway 96 East, St. Paul, Minnesota 55127.  Defendant denies all remaining allegations of Paragraph 6.

///

7. Paragraph 7 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that from time to time, it attempts to collect unpaid, outstanding account balances. Defendant denies all remaining allegations of Paragraph 7.

8. Paragraph 8 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that from time to time, it attempts to collect unpaid, outstanding account balances. Defendant denies all remaining allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant admits the allegations of Paragraph 32.

33. In responding to Paragraph 33, Defendant incorporates its responses to all preceding paragraphs of the Complaint.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant states that 47 U.S.C. §227(b)(1)(A) speaks for itself, and denies all allegations inconsistent therewith.  Defendant denies all remaining allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. In responding to Paragraph 40, Defendant incorporates its responses to all preceding paragraphs of the Complaint.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant states that 47 U.S.C. §227(b)(1)(A)(iii) speaks for itself, and denies all allegations inconsistent therewith.  Defendant denies all remaining allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. In responding to Paragraph 46, Defendant incorporates its responses to all preceding paragraphs of the Complaint.

47. Defendant admits, upon information and belief, the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant states that 15 U.S.C. §1692c(a)(1) speaks for itself, and denies all allegations inconsistent therewith.  Defendant denies all remaining allegations of Paragraph 50.

51. Defendant states that 15 U.S.C. §1692c(a)(1) speaks for itself, and denies all allegations inconsistent therewith.  Defendant denies all remaining allegations of Paragraph 51.

52. In responding to Paragraph 52, Defendant incorporates its responses to all preceding paragraphs of the Complaint.

53. Defendant denies the allegations of Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant states that 15 U.S.C. §1692d(5) speaks for itself, and denies all allegations inconsistent therewith.  Defendant denies all remaining allegations of Paragraph 55.

56. In responding to Paragraph 56, Defendant incorporates its responses to all preceding paragraphs of the Complaint.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant states that 15 U.S.C. §1692d(6) speaks for itself, and denies all allegations inconsistent therewith.  Defendant denies all remaining allegations of Paragraph 58.

59. In responding to Paragraph 59, Defendant incorporates its responses to all preceding paragraphs of the Complaint.

60. Defendant denies the allegations of Paragraph 60.

61. Defendant states that 15 U.S.C. §1692e(10) speaks for itself, and denies all allegations inconsistent therewith.  Defendant denies all remaining allegations of Paragraph 61.

62. In responding to Paragraph 62, Defendant incorporates its responses to all preceding paragraphs of the Complaint.

Case 3:15-cv-01562-JST   Document 12   Filed 05/15/15   Page 6 of 9

63. Defendant denies the allegations of Paragraph 63.

64. Paragraph 64 calls for a legal conclusion to which no response is required. Should a response be required, Defendant admits that it attempted to collect a debt owed by the Plaintiff. Defendant denies all remaining allegations of Paragraph 64.

65. Defendant denies the allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

35. Defendant denies that the Plaintiff is entitled to any relief requested in her WHEREFORE paragraphs.

## AFFIRMATIVE DEFENSES

Defendant, I.C. System, Inc. ("Defendant"), by its attorney, Renee Choy Ohlendorf, for its affirmative defenses, states as follows:

## FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, the defendant states that any violation of the FDCPA or Rosenthal Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant states that Plaintiff has failed to state a cause of action.

## THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant states that Plaintiff has failed to mitigate his damages.

6
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL
31592834v1 0972720

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Defendant states the damages alleged by Plaintiff were the result of superseding and/or intervening cause(s).

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant states that Plaintiff's alleged damages were not proximately caused by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Defendant states that while Plaintiff did not sustain any damages, in the event that he did, those exclude actual damages.

### SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant states that in the event a violation of law occurred, which Defendant denies, the violation was not material.

### EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant states that Plaintiff lacks standing to assert certain claims under the FDCPA and Rosenthal Act because he is not a "consumer" as defined by those statutes.

### NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Defendant states the subscriber or user of the cell phones at issue consented to receive prerecorded message calls and auto-dialed calls on those cell phones by providing his or her cell phone number to the creditor.  47 U.S.C. §227(b)(1); Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶9.  This affirmative defense is asserted in the alternative to Defendant's contention that lack of consent is an element of a TCPA claim as to which plaintiff has the burden of proof.

### TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, Defendant states that Defendant's telephone system is not an automatic telephone dialing system under 47 U.S.C. §227(a) because the telephone system does not use a random or sequential number

generator to store or produce or dial telephone numbers. Because Defendant did not use an automatic telephone dialing system within the meaning of the TCPA, Defendant did not violate the TCPA. Moreover, Defendant's system entails human intervention. This defense is asserted in the alternative to Defendant's contention that Plaintiff has the burden of proof to establish the elements of a TCPA claim.

### ELEVENTH AFFIRMATIVE DEFENSE

For its Eleventh Affirmative Defense, Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims, as Defendant may possess certain arbitration rights based upon contracts entered into by Plaintiff, and this matter may be precluded from proceeding within the United States District Court for the Central District of California.

### TWELFTH AFFIRMATIVE DEFENSE

For its Twelfth Affirmative Defense, upon information and belief, Defendant states that Plaintiff lacks standing to assert claims the claims herein under the FDCPA, Rosenthal Act, and the TCPA.

**WHEREFORE**, defendant, I.C. SYSTEM, INC., respectfully requests that judgment be entered in its favor and against Plaintiff, and for such further relief as this Court deems just and proper.

### JURY DEMAND

Defendant demands a trial by jury pursuant to F.R.C.P. 38.

DATED: May 15, 2015                    HINSHAW & CULBERTSON LLP

By: */s/ Renee C. Ohlendorf*
Renee Choy Ohlendorf
Attorneys for Defendant I.C. SYSTEM, INC.

**PROOF OF SERVICE**
**Cupp v. I.C. Systems, Inc.**
**USDC Case No. 3:15-cv-01562-JST**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action(s); my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On May 15, 2015, I served the document(s) entitled, **ANSWER TO COMPLAINT** on the interested parties in this action:

Ronald Cupp
150 Raley Town Center
Suite 2512
Rohnert Park, CA 94928
707-318-9929
Pro Se

**(BY MAIL):**☒ enclosed a true and correct copy of the document in a sealed envelope addressed to the persons at the addresses listed on the attached SERVICE/MAILING LIST. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

(BY OVERNIGHT MAIL):☐ I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses on the attached SERVICE/MAILING LIST. I placed the envelope or package for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

(BY E-MAIL OR ELECTRONIC TRANSMISSION):☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be sent to the persons at the electronic service addresses listed on the attached SERVICE/MAILING LIST.

(BY HAND DELIVERY):☐ I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached SERVICE/MAILING LIST..
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 15, 2015, at Los Angeles, California.

Kristina Hightower