| | |
|---|---|
| 1 | David I. Dalby (SBN 114750)<br>ddalby@hinshawlaw.com |
| 2 | HINSHAW & CULBERTSON LLP<br>One California Street |
| 3 | 18th Floor<br>San Francisco, CA 94111 |
| 4 | Telephone: 415-362-6000<br>Facsimile: 415-834-9070 |
| 5 | |
| 6 | Renee Choy Ohlendorf (SBN 263939)<br>rohlendorf@hinshawlaw.com |
| 7 | HINSHAW & CULBERTSON LLP<br>11601 Wilshire Blvd. |
| 8 | Suite 800<br>Los Angeles, CA 90025 |
| 9 | Telephone: 310-909-8000<br>Facsimile: 310-909-8001 |
| 10 | Attorneys for Defendant I.C. SYSTEM, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Cupp,<br><br>Plaintiff,<br><br>vs.<br><br>I.C. System, Inc.,<br><br>Defendant. | Case No. 3:15-cv-01562-JST<br>(Honorable Jon S. Tigar)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Courtroom: 9<br><br>Complaint Filed: 4/6/2015 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

**1.**   **Jurisdiction and Service**: *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist*

1

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

*regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d), 47 U.S.C. §227, and 28 U.S.C. §1331.

**2.** **Facts:** *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff alleges that Defendant called his cellular phone number (707) 318-9929 during the time period February 7, 2015 through February 18, 2015 in an attempt to collect an outstanding account balance, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §1788, *et seq.* ("Rosenthal Act").

**3.** **Legal Issues:** *A brief statement, without extended legal argument, or the disputed points of law, including reference to specific statutes and decisions.*

    a.    Whether the phone system used by Defendant to call Plaintiff's cellular phone constitutes an automated telephone dialing system under 47 U.S.C. §227(a)(1) of the TCPA;

    b.    Whether the phone system used by Defendant to call Plaintiff's cellular phone constitutes an artificial or prerecorded voice under the TCPA;

    c.    Whether Plaintiff consented to receiving calls on his cellular phone using an automated telephone dialing system or artificial or prerecorded voice;

    d.    Whether any of the calls to Plaintiff were made with the intent to violate the TCPA;

    e.    Whether the subject outstanding account balance constitutes a consumer "debt" incurred for personal, family, or household purposes, as defined by 15 U.S.C. §1692(a)(5), and is thus actionable under the FDCPA and the Rosenthal Act;

    f.    Whether the nature and extent of calls to Plaintiff rose to the level of harassment under 15 U.S.C. §1692d(5);

g. Whether Defendant provided meaningful disclosure of its identity during its phone calls to Plaintiff as required by 15 U.S.C. §1692d(6);

h. Whether Defendant made any false representation or used any deceptive means in an attempt to collect the subject outstanding account balance, in violation of 15 U.S.C. §1692e(10).

**4. Motions:** *All prior and pending motions, their current status, and any anticipated motions.*

There were no previous motions, and there are no current motions pending. Plaintiff anticipates filing Motion for Judgment on the Pleadings or Summary Judgment. Defendant anticipates filing a motion for summary judgment.

**5. Amendment of Pleadings:** *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

At this time, Plaintiff and Defendant do not intend to add or dismiss any claims and/or parties.

**6. Evidence Preservation:** *A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to F.R.C.P. 26(f) regarding reasonable and proportional steps taken to preserve evidence relevant to the issues reasonably relevant in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to F.R.C.P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably relevant in this action.

**7. Disclosures:** *Whether there has been full and timely compliance with the initial disclosure requirements of F.R.C.P. 26, and a description of the disclosures made.*

The parties propose to serve initial disclosures on or before July 24, 2015.

**8. Discovery:** *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to F.R.C.P. 26(f), and any identified discovery disputes.*

No discovery has been undertaken to date. The parties intend to propound interrogatories, requests for production, and requests for admissions. Defendant intends to depose Plaintiff and certain third parties identified in discovery if necessary. Defendant requires a protective order with respect to certain of Defendant's confidential business and proprietary information, and the parties will submit a proposed order to the Court which will also address the handling of e-discovery. Plaintiff opposes a protective order until such time as the items in question are ascertained. The parties do not propose any modification to the applicable rules of discovery.

**9. Class Actions:** *If a class action, a proposal for how and when the class will be certified.*

Not applicable.

**10. Related Cases:** *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Not applicable.

**11. Relief:** *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks in excess of $15,000 as outlined in the complaint for violations of 15 USC 1692 *et seq.*, 47 USC 227 *et seq.*, and California Rosenthal Act §1788 *et seq.*

**12.** **Settlement and ADR:** *Prospects for settlement, ADR efforts to date, and a specific ADR plan for this case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have agreed to participate in mediation pursuant to ADR L.R. 6, and have filed the Stipulation to ADR Process. *See* Dkt. No. 15 and 16. Pursuant to the Court's July 10, 2015 Order [Dkt. No. 14], the parties state as follows with respect to their failure to timely file an ADR Certification and Stipulation to ADR Process:

    **a.** **Plaintiff:** Apologies to the Court for missing the deadline for filing the ADR Certification and Stipulation to ADR Process, as outlined below, Plaintiff and Defendant will comply as outlined in the courts Order.

    **b.** **Defendant:** Due to an administrative error, the deadline for filing the ADR Certification and Stipulation to ADR Process was not entered into defense counsel's calendar. As such, the June 18, 2015 deadline for filing those documents passed. Defense counsel sincerely apologizes to the Court for their error and the inconvenience caused by their tardy filing, and will be reviewing and updating its procedures for calendaring deadlines to ensure such an error does not occur again. Defendant and its counsel respectfully request that no sanctions be imposed for this good faith mistake.

**13.** **Consent to Magistrate Judge For All Purposes:** *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

All parties have not consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment. *See* Dkt. No. 6.

14. **Other References:** *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe this case is suitable for other references.

15. **Narrowing of Issues:** *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g. through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties agree to continue to attempt to narrow the issues for trial.

16. **Expedited Trial Procedure:** *Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.*

No.

17. **Scheduling:** *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| | |
|---|---|
| Fact Discovery cut-off: | November 5, 2015 |
| Expert Designations and Reports, if any: | November 19, 2015 |
| Expert Discovery cut-off, if any: | December 18, 2015 |
| Last Day to File Dispositive Motions: | January 19, 2016 |
| Last Day to Hear Dispositive Motions: | February 23, 2016 |
| Pre-trial Conference: | March 22, 2016 |
| Trial: | April 5, 2016 |

18. **Trial:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The case will be tried to a jury, and the parties anticipate that the trial will take 2 to 3 days.

**19. Disclosure of Non-party Interested Entities or Persons:** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Defendant has filed the requisite certificate. See Dkt. No. 7.

**20. Professional Conduct:** *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this Matter:**

None at this time.

DATED: July 14, 2015             HINSHAW & CULBERTSON LLP

By: /s/ Renee C. Ohlendorf
Renee Choy Ohlendorf
Attorneys for Defendant I.C. System, Inc.

DATED: July 14, 2015

By: /s/ Ronald Cupp
Ronald Cupp, Plaintiff in Pro Per

## **FILER ATTESTATION**

Pursuant to Rule 5-1(i)(3) of the Local Rules of Practice in Civil Proceedings Before the United States District Court for the Northern District of California, I, Renee Choy Ohlendorf, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

*s/Renee Choy Ohlendorf*
Renee Choy Ohlendorf

## PROOF OF SERVICE
## Cupp v. I.C. Systems, Inc.
## USDC Case No. 3:15-cv-01562-JST

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action(s); my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On July 14, 2015, I served the document(s) entitled, **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** on the interested parties in this action:

Ronald Cupp
150 Raley Town Center
Suite 2512
Rohnert Park, CA 94928
707-318-9929
Pro Se

(BY MAIL): x enclosed a true and correct copy of the document in a sealed envelope addressed to the persons at the addresses listed on the attached SERVICE/MAILING LIST. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

(BY OVERNIGHT MAIL): I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses on the attached SERVICE/MAILING LIST. I placed the envelope or package for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

(BY E-MAIL OR ELECTRONIC TRANSMISSION): Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be sent to the persons at the electronic service addresses listed on the attached SERVICE/MAILING LIST.

(BY HAND DELIVERY): I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached SERVICE/MAILING LIST..
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2015, at Los Angeles, California.

/s/ Melanie Davis
Melanie Ingrid Davis

1
PROOF OF SERVICE